**In re BICOASTAL CORPORATION, d/b/a Simuflite, f/k/a The Singer Company, Debtor.**

**Bankruptcy No. 89–8191–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 3, 1992.

Donald Engle, Robert H. Wheeler, for debtor.

William Goldman and Dykema Gossett, for Creditors' Committee.

Gregory L. Germain, for Hudson, I.S.C.

## ORDER ON MOTION TO PERMIT LATE FILING OF CLAIM

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is the Motion to Permit Late Filing of Claim filed by Hudson, I.S.C. (Hudson), a California corporation. Hudson seeks authority to file a claim in this case even though the bar date heretofore fixed by this Court is long gone. The Court has considered the Motion, together with the record and argument of counsel, and finds the relevant facts as appear from the record are as follows:

The Debtor's predecessor-in-interest, Singer Company (Singer), was the owner of real property located at 2350 Washington Avenue in San Leandro, California a decade prior to the filing of the Debtor's Chapter 11 case. Singer also conducted business at 2481 Washington and 2450 Washington Avenue in San Leandro, California. Hudson owns property downstream from the property formerly owned by the Debtor and claims that its property is environmentally damaged because of actions of the Debtor on the upstream property.

In the mid–1970's, the State of California began an investigation of ground water contamination in and around the vicinity of the property formerly owned by Singer.

Hudson learned of the contamination sometime in 1988 and tried to identify potentially responsible parties for the contamination. Hudson was advised by its counsel in mid–1990 that Singer might be a potentially responsible party.

On November 10, 1989, the Debtor filed its Petition for Relief under chapter 11 of the Bankruptcy Code. Soon after, Hudson became aware at that time that the successor corporation of Singer, the Debtor filed a Petition for Relief under Chapter 11 of the Bankruptcy Code. However, Hudson did not file a claim at that time on the advice of its former counsel. According to Hudson, upon learning that a claim filed untimely by the State of California was disallowed, Hudson chose not to file a claim. Hudson now seeks the authority to file a claim based on the environmental damage to property it owns and Hudson argues that the claim should not be time-barred because it will not prejudice the Debtor. Further, Hudson argues it should not be bound by the publication notice the Debtor was required to give.

It is undisputed that the Debtor did not list Hudson as a creditor on either its initial or amended Schedule of Liabilities. Further, the Debtor did not serve Hudson with formal, written notice of the claims bar date. On November 30, 1989, this Court entered an Order establishing December 30, 1989, as the bar date by which creditors were required to file proofs of claims against the Debtor. The Order further provided that in accordance with Bankruptcy Rule 2002(a)(8), (i) and (k), the Debtor shall provide at least twenty (20) days notice of this Order by first class regular mail to "all entities which have filed a proof of claim or interest or which have been listed in the Schedules, as supplemented or amended, filed herein as holding a claim or who are otherwise known to the Debtor ..." Further, the Order provided that the Debtor shall "cause a copy of the Notice to be published on one occasion at least twenty (20) days prior to the Bar Date in each of the following publications: national editions of *The Wall Street Journal* and *New York Times*, together with local newspa-

pers in cities where the Debtor has maintained a business location ..." Thereafter, this Court entered an Order extending the bar date to January 31, 1990.

In order to efficiently administer a Chapter 11 reorganization case, a bar date within which creditors must file their claims is essential. It can hardly be disputed that to propose a meaningful plan of reorganization, it is absolutely essential for the Debtor to be apprised of the total amount and type of claims with which the plan must deal. Without this knowledge, the Debtor cannot present a meaningful plan of reorganization.

■ Bankruptcy Rule 2002(a)(8) provides in pertinent part that all creditors of a Debtor are to receive by mail at least twenty days notice of the time for filing proofs of claims. However, Bankruptcy Rule 2002(c), an exception to the general notice rule, provides that "the court may order notice by publication if it finds that notice by mail is impracticable or that it is undesirable to supplement the notice."

■ Notice by publication to creditors who are not known or whose identity is not reasonably ascertainable is not a violation of due process. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Tulsa Professional Collection Services v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988).

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane*, 339 U.S. at 314, 70 S.Ct. at 657.

■ Due process requirements do not dictate that the Debtor must conduct such an "impracticable and extended" search for all potential creditors. *Mullane*, 339 U.S. at 317–18, 70 S.Ct. at 658–59. In this case, the Court is satisfied that the publication was reasonably calculated to provide Hudson with notice of the Debtor's claims bar date. In light of the fact that the Debtor had no notice of the potential claim of Hudson, this Court is satisfied that notice by publication was sufficient. *See In re Charter Co.*, 113 B.R. 725 (Bankr.M.D.Fla. 1990).

This Court recognizes that Hudson did not have knowledge of the Debtor's bankruptcy case until after the claims bar date. Ordinarily, this would constitute excusable neglect sufficient to provide that the claim of Hudson could not be filed late. *In re Loveridge*, 2 B.C.D. 1597 (Bankr.D.Conn. 1977). Bankruptcy Rule 3003(c)(3) provides that the Court may extend the time within which proofs of claim may be filed for cause shown. Further, Bankruptcy Rule 9006(b) provides that when an act is required to be done within a specified time period, the Court may enlarge the time period for cause shown on Motion made after the time period expired if the failure to act was due to excusable neglect. Certainly, if Hudson filed a Motion for Relief from the Claims Bar Date as soon as Hudson knew that the bar date expired, the Court would have found excusable neglect sufficient to extend the bar date. However, where this Court finds that Hudson failed to file such a Motion to Extend Time for well over one year, the neglect of Hudson is not excusable.

While there might have been slight prejudice to the Debtor to grant a Motion to file a late claim soon after the bar date passed, such is clearly not the case nearly one and one-half years after the expiration of the bar date. The potential claim of Hudson, a contingent, unliquidated claim would have to be estimated or liquidated in this Court pursuant to Section 502(c) of the Code before it could be allowed. In the past eighteen months, the Debtor has been involved in extensive claims litigation, including but not limited to, the claim of the Defense Logistics Agency, the URDA claim, the Graves Hahn claim, and the SSMC claim, all very complicated claims requiring an extensive estimation process since all of them were unliquidated and contingent. To require the Debtor to begin extensive litigation with another unliquidated, contingent claim would clearly be preju-

dicial to not only the Debtor but to the entire estate.

In sum, the fact that Hudson did not attempt to file a claim in the Debtor's case for a full year after it admittedly know of the Debtor's case supports the Debtor's objection to the relief from the claims bar date Hudson now seeks. In light of the foregoing, this Court is satisfied that the Motion for Relief from Claims Bar Date should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Relief from Claims Bar Date filed by Hudson, I.S.C. be, and the same is hereby, denied.

DONE AND ORDERED.